<u>UNPUBLISHED</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-6793**

INFINITE ALLAH,

        Plaintiff – Appellant,

    v.

THE COMMONWEALTH OF VIRGINIA,

        Defendant – Appellee.

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.  James P. Jones, District Judge.  (2:12-cv-00033-JPJ-PMS)

Argued:  December 10, 2014      Decided:  February 27, 2015

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:**  James Arthur DeVita, LAW OFFICE OF JAMES A. DEVITA, Arlington, Virginia, for Appellant.  Stuart Alan Raphael, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.  **ON BRIEF:** Mark R. Herring, Attorney General, Cynthia E. Hudson, Chief Deputy Attorney General, Linda L. Bryant, Deputy Attorney General, Public Safety & Enforcement, Richard C. Vorhis, Senior Assistant Attorney General, Kate E. Dwyre, Assistant Attorney General, Trevor S. Cox, Deputy Solicitor General, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Plaintiff Infinite Allah, an inmate with the Virginia Department of Corrections ("VDOC"), affiliates with the Nation of Gods and Earths ("NGE"). In October 2012, the plaintiff initiated a civil action against the Commonwealth of Virginia (the "Commonwealth") in the Western District of Virginia, contending that NGE is a religion, and that VDOC's policies and procedures (the "VDOC Policies") substantially burden his religious exercise, in contravention of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc to 2000cc-5 (the "RLUIPA").[1] Following a three-day bench trial conducted in October 2013, the district court issued an opinion setting forth its findings of fact and conclusions of law, and granting judgment to the Commonwealth. See Allah v. Virginia, No. 2:12-cv-00033 (W.D. Va. Apr. 28, 2014), ECF No. 79 (the

---

[1] Regarding the religious exercise of institutionalized persons, the RLUIPA provides, in pertinent part:

> No government shall impose a substantial burden on the religious exercise of a person . . . confined to an institution, . . . unless the government demonstrates that imposition of the burden on that person —
>
> (1) is in furtherance of a compelling governmental interest; and
>
> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a).

"Opinion"). The plaintiff has appealed, and we possess jurisdiction pursuant to 28 U.S.C. § 1291. As explained below, we are satisfied to affirm the judgment on the basis of the well-reasoned Opinion of the district court.

## I.

The plaintiff asserts that the Commonwealth, through VDOC, has implemented policies that substantially burden his right to exercise his religion — namely, NGE. In advancing that assertion, the plaintiff maintains that NGE should properly be accepted as a religion, and that his beliefs in that religion are sincerely held. The plaintiff further contends that the VDOC Policies have substantially burdened his religious exercise, in contravention of the RLUIPA, in five respects: (1) by classifying NGE as a gang; (2) by restricting NGE members from meeting communally; (3) by prohibiting the plaintiff from wearing NGE-related clothing, including a hat and a medallion; (4) by not providing the plaintiff with pork- and tuna-free meals, as required by NGE; and (5) by preventing the plaintiff from receiving copies of NGE publications. By his operative Amended Complaint, the plaintiff seeks injunctive relief against the Commonwealth, along with recovery of his costs and attorney's fees.

4

The district court denied the Commonwealth's motion to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted, as well as a later motion for summary judgment. The court then, in late 2013, conducted a three-day bench trial. By its Opinion of April 28, 2014, the court granted judgment to the Commonwealth.

Pursuant to Rule 52 of the Federal Rules of Civil Procedure, the Opinion sets forth, inter alia, the district court's factual findings, which are binding on appeal unless clearly erroneous. Those findings were predicated on the court's assessment of the evidence presented by the parties at trial.[2] More specifically, the court "[took] into account the rationality and internal consistency of the testimony, the extent of detail and coherent nature of the testimony, the manner of testifying by the witnesses, and the degree to which the subject testimony is consistent or inconsistent with other evidence in this case." See Opinion 3. The court's factual findings were that:

> 1. The plaintiff is a prison inmate in the custody of VDOC, an agency of the Commonwealth.

---

[2] At trial, the plaintiff offered the testimony of nine inmates who are NGE members, as well as an expert witness who opined that NGE is a religion. The Commonwealth presented testimony from four VDOC officials and its own expert, who testified that NGE is not a religion.

2. The plaintiff is a follower of NGE, also known as the Five Percenters, a group containing adherents both inside and outside of prison.

3. Among other teachings, NGE asserts that black men are the only divinity. NGE posits that the world's population is divided into three categories: "[T]he Ten Percent who teach the Eighty-Five Percent to believe in a mystery God that can not [sic] be seen and the Five Percent who do not believe in the teachings of the Ten Percent . . . ." (Am. Compl. ¶ 6.) The "Five Percent" refers to members of NGE. A principal tenet of NGE is the racial superiority of its members, a doctrine that has considerable potential for violence in the modern prison setting.

4. VDOC does not recognize NGE as a religious group at any of its prison facilities and does not allow NGE members to communally meet, wear special clothing, or possess NGE materials and publications, nor does it provide a special diet for NGE members.

5. Whether or not NGE is considered a bona fide religion, it has acted as a prison gang that would pose a threat to the safety and security of VDOC prison facilities if treated as other religious groups. Inmates affiliated with NGE have a demonstrated history of violence and racism.

6. Communal meetings of NGE members would pose a danger to the safe and secure operation of VDOC prison facilities. Such meetings present a heightened risk of violence as compared to other groups, and would require a degree of supervision that is not practically feasible.

7. Identifiable NGE clothing, such as NGE hats and medallions, serve as gang identifiers and aid in recruitment and power displays by NGE gang members, contrary to the safety and security of the prison.

8. VDOC's current policies and procedures allow the plaintiff meals in general accordance with his claimed religious preferences and any deviation therefrom is de minimus and causes no burden to the plaintiff's exercise of religion.

6

9.  NGE materials are often handwritten, and can vary from copy to copy.  Whether handwritten or typed, most contain racist and/or violent sentiments.  Additionally, most contain codes that have the potential to aid inmates in passing messages that circumvent safety and security in the prison.

10.  The principal publication of NGE, called The Five Percenter, often contains codes, and racist or violent sentiments.  It is frequently disallowed for inmate use by VDOC for these reasons, although it is generally reviewed on an issue-by-issue basis.

See Opinion 4-5 (alterations in original).

Moving to the legal issues presented, the district court recognized that, to succeed on a RLUIPA claim, a plaintiff bears the initial burden to establish that "the policy or practice [being challenged] substantially burdens his exercise of religion."  See Opinion 7 (citing Couch v. Jabe, 679 F.3d 197, 200 (4th Cir. 2012)).  The court declined to rule on whether the plaintiff satisfied his burden in that regard, however, and specifically did not make findings as to:  (1) whether NGE is a religion under the RLUIPA; (2) whether the plaintiff's beliefs were sincerely held; and (3) whether the VDOC Policies substantially burdened the plaintiff's religious exercise.  Rather, the court simply assumed the plaintiff's allegations on those issues were true, with the exception of whether the VDOC Policies relating to diet constitute a substantial burden.

Having assumed that the plaintiff satisfied his initial burden, the district court explained that, under the RLUIPA, the

7

government was obliged to carry the burden of proving "that the challenged policy is the least restrictive means of furthering a compelling governmental interest." See Opinion 7 (citing Couch, 679 F.3d at 200). Relevant here, the Supreme Court has recognized that prison security constitutes a compelling state interest, and that the RLUIPA requires "'due deference to the experience and expertise of prison . . . administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources.'" Id. at 9-10 (quoting Cutter v. Wilkinson, 544 U.S. 709, 723 (2005)). In assessing whether a given policy or procedure constitutes the least restrictive means of achieving a compelling interest such as prison security, the test is whether the government has sufficiently explained its policy in that respect, and whether the government acknowledged and considered less restrictive alternatives. Id. at 19 (citing Couch, 679 F.3d at 203; Lovelace v. Lee, 472 F.3d 174, 190 (4th Cir. 2006)).

Applying those legal principles to its factual findings, the district court then drew the following legal conclusions:

> 1. This court has subject-matter jurisdiction and personal jurisdiction over the parties.
>
> 2. The Commonwealth has proved by a preponderance of the evidence that the asserted burdens on the plaintiff are in furtherance of a compelling state

8

interest, and the least restrictive means of furthering that compelling state interest.

3. VDOC's categorization of NGE as a gang and security threat group is similarly supported by the evidence and is an appropriate security measure that is the least restrictive means of furthering a compelling state interest in prison safety.

4. Due to staff limitations and safety risks to staff and inmates, a complete ban on NGE communal meetings is the least restrictive means of furthering a compelling state interest in prison safety.

5. Because NGE hats and medallions can serve as . . . gang identifiers and aid in gang recruitment, a complete ban on NGE hats and medallions is the least restrictive means of furthering a compelling state interest in prison safety.

6. VDOC's decision not to offer a specific diet for the plaintiff does not burden his exercise of religion.

7. Due to the inability of VDOC to review all handwritten NGE materials, and the frequency with which typed and handwritten NGE materials contain codes, racist sentiments, and/or violent sentiments, the decision of VDOC to ban such NGE materials is the least restrictive means of furthering a compelling state interest in prison safety.

8. The policy of VDOC to refuse possession by inmates of <u>The Five Percenter</u> containing material not in compliance with VDOC standards is the least restrictive means of furthering a compelling interest in prison safety.

9. The plaintiff has not proved a violation of his rights under RLUIPA and is not entitled to relief.

<u>See</u> Opinion 25-27. Predicated on the findings of fact and conclusions of law spelled out in the Opinion, the court denied the plaintiff's requests for relief and awarded judgment to the Commonwealth. This appeal ensued.

9

The plaintiff advances several contentions in his appeal. He challenges the district court's finding that NGE has acted as a prison gang and has posed a threat to the safety and security of the VDOC's prisons.  The plaintiff further maintains that the court erred in concluding that the VDOC Policies are the least restrictive means of furthering a compelling interest.  Finally, the plaintiff requests that we rule on the three issues that the court assumed in his favor:  namely, that NGE is a religion for purposes of the RLUIPA; that the plaintiff holds sincere religious beliefs; and that the VDOC Policies have substantially burdened the plaintiff's religious exercise.[3]  Consistent with the position of the district court, we decline to do so.

In sum, the plaintiff asks that we reverse the judgment in favor of the Commonwealth and determine instead that judgment should have been awarded to him.  Having carefully examined the record and assessed the parties' written submissions together with the argument of counsel, we discern no reversible error. We are therefore content to affirm the judgment on the cogent

---

[3] As specified by its conclusion of law number 6, the district court reached the issue of substantial burden solely with respect to the VDOC Policies relating to diet, and rejected the plaintiff's contention in that regard.  See supra at 9.

10

reasoning spelled out in the well-crafted Opinion of the district court.

AFFIRMED